1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9    PATRICK WILLIAMS,

10            Plaintiff,                    No. CIV S-11-0542 GGH P

11        vs.

12   J. BAL, et al.,

13            Defendants.                   <u>ORDER</u>

14   _____/

15            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

16   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

17   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

18   § 636(b)(1).

19            Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $ 1.09 will be assessed by this

23   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

24   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

25   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments will be

1   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3           The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

22  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23  v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

24  570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

25  that allows the court to draw the reasonable inference that the defendant is liable for the

26  misconduct alleged."  Id.

1    In reviewing a complaint under this standard, the court must accept as true the

2 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

3 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

4 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

5 1843 (1969).

6    Plaintiff sues defendants J. Bal; A. Nanaglama; J. Clark Kelso; T. Virga; J.

7 Walker, seeking declaratory and injunctive relief, as well as money damages, alleging that he is

8 being subjected to deliberate indifference to his debilitating pain, rising to the level of cruel and

9 unusual punishment, by being denied the pain medications he seeks.  See Complaint.  Plaintiff

10 alleges that he suffers from neck, back and chronic pain in his right wrist and has had multiple

11 orthopedic surgeries.  Id., at 7.  Plaintiff claims that dosages of his pain medications have

12 essentially been lowered by his having been switched from Morphine and Methadone to

13 Ibuprofen.  Id., at 9.  Plaintiff also claims that Ibuprofen is too harsh for his digestive tract.  Id., at

14 8.  He alleges that defendants Nanaglama, Bal, Walker and Kelso responded inadequately to his

15 medical grievances.  Id.

16    Legal Standard for Eighth Amendment Inadequate Medical Care Claim

17    In order to state a § 1983 claim for violation of the Eighth Amendment based on

18 inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

19 deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

20 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively

21 serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter,

22 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.

23 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."

24 Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

25    A serious medical need exists if the failure to treat a prisoner's condition could

26 result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

that a prisoner has a serious need for medical treatment are the following:  the existence of an

injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily

activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

(9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court

defined a very strict standard which a plaintiff must meet in order to establish "deliberate

indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.

However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.

Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard –

disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at

1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837,

114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk

of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at

847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his

knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was

obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at

1981.  However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere

differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth

1  Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,

2  662 F.2d 1337, 1344 (9th Cir. 1981).

3          Moreover, a physician need not fail to treat an inmate altogether in order to violate

4  that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.

5  1989).  A failure to competently treat a serious medical condition, even if some treatment is

6  prescribed, may constitute deliberate indifference in a particular case.  Id.

7          Additionally, mere delay in medical treatment without more is insufficient to state

8  a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766

9  F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is

10 no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing

11 Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-

12 1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends

13 to provide additional support for a claim of deliberate indifference; however, it does not end the

14 inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the

15 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those

16 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of

17 the defendant."  McGuckin, 974 F.2d at 1061.

18          Superimposed on these Eighth Amendment standards is the fact that in cases

19 involving complex medical issues where plaintiff contests the type of treatment he received,

20 expert opinion will almost always be necessary to establish the necessary level of deliberate

21 indifference.  Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988).  Thus, although there

22 may be subsidiary issues of fact in dispute, unless plaintiff can provide expert evidence that the

23 treatment he received equated with deliberate indifference, there will be no material issue of fact.

24 The dispositive question is ultimately not what was the most appropriate course of treatment for

25 plaintiff, but whether the failure to timely give a certain type of treatment was, in essence,

26 criminally reckless.

Discussion

Plaintiff has not framed a claim of deliberate indifference where the claim appears essentially to boil down to a mere difference of opinion concerning what pain medication and dosage level he should be on.  Jackson, supra, 90 F.3d 330.  Moreover, to the extent that plaintiff's claim is that he is being prescribed Ibuprofen and denied Morphine/Methadone, is at least somewhat belied by his own exhibits to his complaint.  A second level appeal response to an appeal for an increase in Morphine/Methadone instead of a substitution of Ibuprofen, states in part that his Unit Health Record shows plaintiff "currently being given Tylenol 650 mg four (4) times a day; Ibuprofen 600 mg t.i.d.; and Methadone 10 mg twice a day."  Complaint, Exhibit H, p. 35.  Plaintiff's claim simply does not rise to the requisite level to frame an Eighth Amendment claim.  The complaint will be dismissed, but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.09.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: April 25, 2011

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
will0542.b

7